CITY OF ALCOA, Tennessee,

v.

The TENNESSEE LOCAL GOVERNMENT PLANNING ADVISORY COMMITTEE ("LGPAC"); Blount County, Tennessee; The City of Maryville, Tennessee; The City of Friendsville, Tennessee; The Town of Louisville, Tennessee; The City of Rockford, Tennessee; and The City of Townsend, Tennessee, and City of Knoxville, Tennessee and Metropolitan Knoxville Airport Authority.

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

May 12, 2003 Session.

July 17, 2003.

Permission to Appeal Denied by Supreme Court Jan. 5, 2004.

E. Bruce Foster, Thomas A. Varlan, Regina M. Lambert, and Michael S. Kelley, Law Director, Debra Poplin, Deputy Law Director, Knoxville, Tennessee, for Appellants, City of Knoxville, Tennessee, and Metropolitan Knoxville Airport Authority.

David R. Dugan, Maryville, Tennessee, and Jon G. Roach, Knoxville, Tennessee, for Appellee, City of Alcoa, Tennessee.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Ann L. Vic, Senior Counsel and Janet M. Kleinfelter, Senior Counsel, Nashville, Tennessee, for Appellee, Tennessee Local Government Planning Advisory Committee.

Norman H. Newton, Maryville, Tennessee, for Appellee, Blount County, Tennessee.

## OPINION

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Plaintiff sought review of growth plan in Chancery Court pursuant to Tenn.Code Ann. § 6–58–105(a). The City of Knoxville and the Metropolitan Knoxville Airport Authority sought to intervene, which the Trial Court refused. The Trial Court granted judgment on the pleadings. On appeal, we allow intervention and vacate the Judgment on the pleadings.

This appeal involves the application of the comprehensive growth plan statute, codified at Tenn.Code Ann. § 6–58–101, *et seq.*, and the appellants, City of Knoxville, Tennessee, and Metropolitan Knoxville Airport Authority's attempt to intervene in the Trial Court. Appellee, Blount County, challenges the Trial Court's judgment on the pleadings, which favor the City of Alcoa, (hereinafter "Alcoa").

This appeal concerns the validity of the process followed in the development of the Blount County comprehensive growth plan ("plan"). The process included determining whether the McGhee Tyson Airport property was to be identified in the Alcoa's urban growth boundaries, or within Blount County's planned growth territory. The airport owned by the Metropolitan Knoxville Airport Authority ("Airport Authority") is located in Blount County.

The Blount County Coordinating Committee submitted its recommended growth Plan to the respective governing bodies for ratification. The plan initially placed the airport property in Alcoa's urban growth territory, and all legislative bodies except Blount County approved the recommended plan. Accordingly, the plan was returned to the Coordinating Committee for reconsideration. The Coordinating Committee re-submitted its original Plan, unchanged. Thereupon, an impasse was declared by Blount County. The ALJ dispute resolution process was invoked, and three attempts at mediation by the ALJ panel were unsuccessful and another impasse was declared at the mediation level. Whereupon, the panel submitted a non-binding resolution to the governing bodies, placing the airport property in the Alcoa urban growth territory. The resolution was not adopted. Eventually, Blount County reluctantly acquiesced in the non-binding resolution, which was then submitted to the Tennessee Local Government Planning Advisory Committee ("LGPAC") for approval. LGPAC ultimately voted to

modify the plan on several items, including removing that portion of the airport property not currently incorporated into Alcoa from its urban growth boundaries, and placing it in Blount County's planned growth territory.

Alcoa then filed this action for judicial review, whereupon Knoxville and the Airport Authority filed a Motion to Intervene.

The Trial Court granted Alcoa Judgment on the pleadings on the grounds that LGPAC in its Answer, admitted that its modification of the Plan was illegal. The Chancellor vacated the Plan and remanded the matter back to the development/approval process and refused to allow the City and the Airport Authority to intervene.

The Trial Court reasoned that appellant's ability to protect their interest would not be impaired or impeded, because they could seek judicial review of the completed plan under Tenn.Code Ann. § 6–58–105(a), as "affected owners of real property".

■ The City of Knoxville and Airport Authority contend they are proper participants in this action by virtue of their status as landowners. They argue that since they have a legal right to challenge the Plan after its approval, for reasons of judicial economy, intervention now is appropriate when all the parties are before the Court. They argue they have a "substantial legal interest" in the proceedings, i.e., which growth plan will include their property.

These appellants rely on *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186 (Tenn.2000), wherein The Court explains the two types of intervention under Tenn. R. Civ. P. 24. At page 190:

The applicable rules provide as follows:
24.01. *Intervention as of Right*— Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) **when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest,** unless the applicant's interest is adequately represented by existing parties. (Emphasis added).

24.02. *Permissive Intervention.*— Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene in an action; or (2) **when an applicant's claim or defense and the main action have a question of law or fact in common.** In exercising discretion, the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. (Emphasis original).

A party seeking to intervene as of right under Rule 24.01 must establish that (1) the application for intervention was timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the pending litigation; (3) the proposed intervenor's ability to protect that interest is impaired; and (4) the parties to the underlying suit cannot adequately represent the intervenor's interests. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989). The intervenor has the burden of establishing all four of these elements or else the motion to intervene will be denied. *Id.* In the case of permissive intervention, the party seeking to intervene must show that there is a common question of law or fact between the intervenor's claim and the main action....

Alcoa brought this action pursuant to Tenn.Code Ann. § 6–58–105, which provides:

**6–58–105. Judicial review of growth plan.**—(a) The affected county, an affected municipality, a resident of such county or an owner of real property located within such county is entitled to judicial review under this section, which shall be the exclusive method for judicial review of the growth plan and its urban growth boundaries, planned growth areas and rural areas. Proceedings for review shall be instituted by filing a petition for review in the chancery court of the affected county. Such petition shall be filed during the sixty-day period after final approval of such urban growth boundaries, planned growth areas and rural areas by the local government planning advisory committee. In accordance with the provisions of the Tennessee rules of civil procedure pertaining to service or process, copies of the petition shall be served upon the local government planning advisory committee, the county and each municipality located or proposing to be located within the county.

(b) Judicial review shall be de novo and shall be conducted by the chancery court without a jury. The petitioner shall have the burden of proving, by a preponderance of the evidence, that the urban growth boundaries, planned growth areas and/or rural areas are invalid because the adoption or approval thereof was granted in an arbitrary, capricious, illegal or other manner characterized by abuse of official discretion. The filing of the petition for review does not itself stay effectiveness of the urban growth boundaries, planned growth areas and rural areas; provided, that the court may order a stay upon appropriate terms if it is shown to the satisfaction of the court that any party or the public at large is likely to suffer significant injury if such stay is not granted. If more than one (1) suit is filed within the county, then all such suits shall be consolidated and tried as a single civil action.

(c) IF the court finds by a preponderance of the evidence that the urban growth boundaries, planned growth areas and/or rural areas are invalid because the adoption or approval thereof was granted in an arbitrary, capricious, illegal or other manner characterized by abuse of official discretion;

THEN an order shall be issued vacating the same, in whole or in part, and remanding the same to the county and the municipalities in order to identify and obtain adoption or approval of urban growth boundaries, planned growth areas and/or rural areas in conformance with the procedures set forth within § 6–58–104.

(d) Any party to the suit, aggrieved by the ruling of the chancery court, may obtain a review of the final judgment of the chancery court by appeal to the court of appeals.

The Chancellor gave as one reason for denying the intervention was the fact that they will "ultimately be entitled to judicial review". Essentially, appellants seek to intervene in the action brought pursuant to this statute by Alcoa, while they have a right to bring an independent action under this statute. Rule 24.01 provides for intervention "when a statute confers an unconditional right to intervene". While the wording of this statute does not confer an unconditional right to intervene, it does identify appellants as parties entitled to bring an action under this statute. Accordingly, we believe appellants were entitled to intervene in this action and we reverse the Judgment of the Chancellor on this issue.

Blount County, on appeal, argues that it cannot be bound by LGPAC's admission, and that granting judgment on the pleadings, which can only resolve questions of law, was in error. Blount County contends that it should be permitted to present evidence that the LGPAC Plan actually does conform to the statute.

 Review of a judgment on the pleadings is the same as that for a dismissal for failure to state a claim. *Ketron v. Chattanooga–Hamilton County Hosp. Auth.,* 919 F.Supp. 280, 282 (E.D.Tenn. 1996). Tenn. R. Civ. P. 12.03 requires the trial court to accept all well pleaded allegations of the opposing party's pleading as true, and all allegations denied by the moving party are construed as false. *McClenahan v. Cooley,* 806 S.W.2d 767, 769 (Tenn. 1991); *Trigg v. Middle Tenn. Elec. Membership Corp.* 533 S.W.2d 730, 733 (Tenn. Ct.App.1975). Conclusions of law are not admitted. *Id.* LGPAC has essentially admitted that its plan was illegal. As a nonmoving party the statement is accepted as true, which is what the lower court did when it concluded it had no choice and was constrained to grant judgment on the basis of the admission. Where a statement posits a legal conclusion, the trial court may not rely upon it as a basis for granting the motion. Moreover, Blount County contends that illegality of the plan cannot be determined without litigating the contiguity issue which is a question of fact. We conclude the Chancellor erred in relying upon LGPAC's conclusions of law in granting judgment on the pleadings. *Trigg.*

 Blount County has alleged that the growth plan adopted by LGPAC conforms with Tenn.Code Ann. § 6–58–106(a)(1)(B), because the disputed property is contiguous to other portions of the Alcoa Urban Growth Boundary that adjoin Alcoa's existing city limits, as the property is connected by a right-of-way. This allegation raises an issue of material fact and should be resolved in an evidentiary hearing. Accordingly, we vacate the Judgment granted on the pleadings to Alcoa and remand to the Trial Court for proceedings consistent with this Opinion.

The cost of the appeal is assessed to the City of Alcoa.