IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
OCTOBER 24, 2006 Session

## JAMES A. CARSON v. THE CHALLENGER CORPORATION and DANIEL R. JONES, M.D.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-04-1581     Arnold Goldin, Chancellor**

_____

**No. W2006-00558-COA-R3-CV - Filed January 25, 2007**

_____

This case involves a commercial lease. During the lessor's divorce, his wife brought suit against the tenant to collect its current rent payments. The wife claimed that the underlying realty was marital property and she was entitled to the rent. The husband-lessor filed a motion to intervene in that case, but the trial court never addressed his motion. The husband signed some consent orders in the case and filed a motion on his own behalf, but he was never formally named as a party. After that case had concluded, the husband brought suit against the tenant for past due rent and other damages under the lease. The tenant claimed that his suit was barred by res judicata and collateral estoppel, but the trial court disagreed. After the trial court entered a judgment for the husband-lessor, the tenant appealed to this Court. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Bill M. Wade, J. Jeffrey Coons, Memphis, TN, for Appellants

Jeffrey A. Land, Kristin M. Marks, Nashville, TN, for Appellee

**OPINION**

### I.    FACTS & PROCEDURAL HISTORY

On or about December 13, 1993, James Carson ("Mr. Carson" or "Appellee") entered into a commercial lease with Daniel R. Jones, M.D., individually and in his corporate capacity as president of Challenger Corporation (collectively, "Challenger" or "Appellant"). Mr. Carson leased certain office space to Challenger for a term of two years. The lease provided that if Challenger remained on the premises beyond the two year term, Mr. Carson could treat such action as a renewal

for another year. Challenger did remain on the premises for several years thereafter, with Mr. Carson renewing the lease each year.

Mr. Carson and his wife, Genevieve Dix, went through a lengthy and contentious divorce while Challenger was renting the premises. (Although Ms. Dix was not named as a lessor in Challenger's lease, she contended that the realty was marital property, and therefore she was entitled to Challenger's rent payments. Ms. Dix brought suit against Challenger in the Chancery Court of Shelby County[1], and by order of the court, Challenger began paying its rent payments directly to the chancery court clerk.

Originally, Mr. Carson was not named as a party in the litigation, but he filed a "Motion to Intervene" with the chancery court on December 2, 1998, pursuant to Tenn. R. Civ. P. 24.01. Mr. Carson claimed that his interests in the case were not adequately protected by Ms. Dix. Mr. Carson simultaneously filed a motion to set aside the order requiring Challenger to pay rent to the clerk, or alternatively, a motion for withdrawal of funds. The record before us does not contain an order granting or denying Mr. Carson's motion to intervene, and it appears that the motion was never addressed by the trial court.

On September 30, 1999, Mr. Carson's attorney signed a consent order allowing some of the funds held by the clerk to be paid toward real estate taxes, but she signed as "Attorney for Non-Party, James A. Carson." His attorney later signed other consent orders as "Attorney for James A. Carson." Mr. Carson subsequently filed a motion "by and through his attorney of record" requesting that the case be heard by interchange by the chancellor who had presided over his divorce case.[2]

Challenger moved out of the premises during the Dix litigation, before the end of its 2002 lease term. On April 23, 2003, following a settlement conference, a consent order was entered dismissing the case and disbursing the funds that Challenger had paid to the chancery court clerk. Approximately $25,000 of the rent payments was paid toward property taxes, a portion was paid to cover court costs, and the remainder was disbursed to Ms. Dix. The consent order was signed by the attorneys for Challenger and Ms. Dix, and Mr. Carson's attorney also signed the order.

On August 6, 2004, Mr. Carson filed the present action in Shelby County Chancery Court alleging nonpayment of rent for the period of January 1, 2001 to December 31, 2002, and claiming damages for certain structural changes Challenger had made to the premises without Mr. Carson's written consent. Challenger filed a motion to dismiss the action based on res judicata and collateral estoppel, claiming that the issues had been resolved in the previous action's consent order that Mr. Carson's attorney had signed. The trial court denied the motion without explanation, and the case proceeded to trial. On February 10, 2006, a judgment was entered for Mr. Carson which included

---

[1] The case was styled *Genevieve M. Dix v. Daniel R. Jones, M.D., and Challenger Corp.*, No. 108664-3(2).

[2] In this motion, Mr. Carson stated that he was not named as a party in the case because Ms. Dix had not notified him that she was instituting litigation against Challenger.

an amount representing the rent due from January 1, 2001 to December 31, 2002. However, the court credited Challenger for rent payments it had paid to the chancery court clerk during the Dix litigation from January to May of 2001. Challenger filed its notice of appeal to this Court on March 9, 2006.

## II.  ISSUES PRESENTED

Appellant has timely filed its notice of appeal and presents the following issue for review:

Whether the trial court committed reversible error by denying Challenger's motion to dismiss under the doctrines of res judicata and collateral estoppel.

Additionally, Appellee presents the following issue for review:

Whether Appellants have filed a frivolous appeal.

For the following reasons, we affirm the decision of the chancery court. In addition, we decline to award attorney's fees to Appellee.

## III.  STANDARD OF REVIEW

This Court reviews findings of fact by a trial court sitting without a jury under a *de novo* standard with a presumption of correctness for those findings. Tenn. R. App. P. 13(d) (2006). We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness for the trial court's conclusions. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)). A trial court's decision of whether a subsequent lawsuit is barred by principles of res judicata presents a question of law that this Court reviews *de novo*. *In re Estate of Boote*, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005).

## IV.  DISCUSSION

### A.  *Res Judicata*

On appeal, Appellant asserts that the chancery court erred when it allowed the present case to proceed to a final judgment, rather than finding it barred under the doctrines of res judicata and collateral estoppel. "Res judicata is a claim preclusion doctrine that promotes finality in litigation." *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005). The doctrine bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit. *Id.* A party asserting a res judicata defense must demonstrate: (1) that the previous judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was on the merits. *Shell v. Law*,

935 S.W.2d 402, 408 (Tenn. Ct. App. 1996) (citing *White v. White*, 876 S.W.2d 837 (Tenn. 1994)). Res judicata is not only based on the principle that the same parties in the same capacities should not be required to litigate anew a matter which might have been determined and settled in a previous suit, but also that litigation should be determined with reasonable expedition and not be protracted through inattention and lack of diligence. *Shanklin v. UT Med. Group, Inc.*, No. W1999-01982-COA-R3-CV, slip op. at 2 (Tenn. Ct. App. W.S. Nov. 6, 2000) (citing *Jordan v. Johns*, 79 S.W.2d 798, 802 (Tenn. 1935)). Res judicata is designed to give every litigant one, but only one, day in court. *Batey v. D. H. Overmyer Warehouse Co.*, 60 Tenn. App. 310, 318, 446 S.W.2d 686, 689 (Tenn. Ct. App. 1969). Simply stated, the res judicata defense can be defeated in an action when the parties are not the same. *Shell*, 935 S.W.2d at 408.

Challenger acknowledges that res judicata bars a subsequent suit *between the same parties*,[3] but it claims that Mr. Carson effectively became a party to the Dix litigation when he filed a motion to intervene and participated in the litigation by having his attorney sign the consent order dismissing the case. According to Challenger's argument, Mr. Carson was required to assert any claim arising under the lease during the Dix litigation. Mr. Carson, on the other hand, claims that he was never made a party to the Dix litigation and that his attorney only signed the consent decree for the purpose of acknowledging that marital funds were being paid to Ms. Dix.

We disagree with Challenger's contention that Mr. Carson effectively became a party to the Dix litigation. Tenn. R. Civ. P. 24.01 (2006) provides for "Intervention as of Right" as follows:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter

---

[3] Although neither party has addressed the concept of privity as it relates to Ms. Dix and Mr. Carson, we note our consideration of the issue and our conclusion that privity did not exist between Ms. Dix and Mr. Carson in the previous litigation. "Privity is a term the meaning of which may in some cases be precise, as in the case of conveyor and conveyee or assignor and assignee; but there are other areas in which the meaning has uncertain bounds determined by the particular facts and the justice of the case." *Lowe v. Ussery*, No. 88-109-II, 1988 Tenn. App. LEXIS 613, at *5-6 (Tenn. Ct. App. M.S. Oct. 5, 1988). The existence of privity or an identity of interest for purposes of res judicata depends on the facts of each case. *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 181 (Tenn. Ct. App. 2000). In Tennessee, privity as used in the context of res judicata means an identity of interests relating to the subject matter of the litigation, and it does not embrace relationships between the parties themselves. *Id.* at 180; *Phillips v. Gen. Motors Corp.*, 669 S.W.2d 665, 669 (Tenn. Ct. App. 1984).

In this case, Mr. Carson and his ex-wife did not have an identity of interests so that Ms. Dix represented the same legal right asserted by Mr. Carson. Ms. Dix was pursuing the current rent payments being made by Challenger, which were paid to the chancery court clerk during the litigation. Even if Mr. Carson knew of his claims for damages to the rental property and past due rent, he could not assert those claims because he was not a party to the litigation. Their divergence of interests is demonstrated by Mr. Carson's statement in his motion to intervene that his interest "was not adequately protected by the Plaintiff, Genevieve M. Dix." Mr. Carson and Ms. Dix lacked the shared interest necessary for Mr. Carson's interests to have been adequately represented in the previous case.

-4-

impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

A person desiring to intervene must serve a motion to intervene upon the parties as provided in Rule 5. Tenn. R. Civ. P. 24.03 (2006). "The motion must state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." *Id.* A party seeking to intervene as of right must establish certain elements or else his motion to intervene will be denied. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000) (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). First, the proposed intervenor must demonstrate that he has a substantial legal interest in the subject matter of the pending litigation. *Id.* at 190. Second, he must establish that his ability to protect that interest is impaired. *Id.* Next, the proposed intervenor must show that the current parties to the underlying suit cannot adequately represent his interests in the suit. *Id.* at 190-91. Although the precise nature of the interest required for a person to intervene as of right has eluded exact definition, it is clear that the requisite right must be more than "a mere contingent, remote, or conjectural possibility of being affected as a result of the suit." *Id.* at 192. Instead, it must involve "a direct claim on the subject matter of the suit such that the intervenor will either gain or lose by direct operation of the judgment." *Id.*

If the trial court examines the motion and accompanying pleadings and determines that these elements have been met, then it must decide, in its discretion, whether the motion to intervene was timely. *Am. Materials Technologies, LLC v. City of Chattanooga*, 42 S.W.3d 914, 916 (Tenn. Ct. App. 2000). The timeliness of a motion to intervene is governed by equitable principles and is to be determined by the facts and circumstances of each particular case. *Id.* The following factors should be considered in adjudging timeliness:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervener knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervener's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.* (citing *Velsicol Chem. Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir.1993); *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir.1984)). Generally, the proposed intervenor must show proper diligence, and his right to intervene may be lost by unreasonable delay or laches after he has knowledge of the suit. *Id.* A trial court's decision on whether an application to intervene was timely is reviewed under an abuse of discretion standard. *Brown & Williamson Tobacco*, 18 S.W.3d at 191.

Thus, even though Tenn. R. Civ. P. 24.01 is entitled "Intervention as of Right," the general rule is that intervention is not a matter of "absolute right."[4] 59 Am.Jur.2d *Parties* § 240 (2006). A motion to intervene may be denied if the movant has failed to meet his burden of establishing all of the elements recited above. *See Brown & Williamson Tobacco*, 18 S.W.3d at 191; *see also City of Alcoa v. Tenn. Local Gov't Planning Advisory Comm.*, 123 S.W.3d 351, 353 (Tenn. Ct. App. 2003). It is clear that, in Tennessee, a person does not automatically become a party to an action simply by filing a motion to intervene. The court must determine whether the movant's interest is substantial and not adequately represented, as well as whether the motion was timely, in deciding whether the motion to intervene should be granted or denied.

When a person attempts to intervene in an action and the court denies their motion, the person never becomes a party and is not barred by res judicata from bringing another suit. *See Hall v. Gossum*, 144 Tenn. 1, 228 S.W. 1039, 1043 (Tenn. 1921). We believe the result is the same when a person moves to intervene and the trial court never grants the motion allowing the person to become a party. In this case, although Mr. Carson filed a motion to intervene in the previous litigation, he did not thereby become a party in that litigation. There is no court order addressing his motion, either granting or denying his request. On appeal, we review a court's orders and judgments because that is how a court speaks. *Shelby v. Shelby*, 696 S.W.2d 360, 361 (Tenn. Ct. App. 1985); *Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979). When a person is not made a party of record to a lawsuit, he has no standing therein which enables him to take part in the proceedings. *In re Estate of Reed*, No. W2003-00210-COA-R3-CV, slip op. at 3 (Tenn. Ct. App. W.S. July 1, 2004) (citing *United States v. Green*, 42 F.R.D. 351, 352 (E.D. Tenn. 1967); 47 Am. Jur. 2d Judgments § 757 (2003)).

Challenger contends that because Mr. Carson did actually take part in the proceedings by signing consent orders and filing a motion, he effectively became a party and could not later bring another suit against Challenger. A similar argument was made and rejected long ago in the case of *Boles v. Smith*, 5 Sneed (TN) 105, 1857 WL 2560 (Tenn. 1857). A landlord essentially took over the presentation of a case when his tenant was the named party, and the opposing party later argued that because the landlord had "in point of fact" conducted the defense and had all the advantages of being a formal party, the landlord should not be allowed to institute a second case against him. *Id.*

---

[4] This is true under the Federal Rules of Civil Procedure and the state rules patterned on them. 59 Am.Jur.2d *Parties* § 240 (2006). Tennessee Rule 24.01 on intervention is substantially identical to the Federal Rule. *Am. Materials Technologies, LLC v. City of Chattanooga*, 42 S.W.3d 914, 916 (Tenn. Ct. App. 2000). It is true that a minority of states allow parties to intervene without obtaining leave of the court. *See Jenkins v. Entergy Corp.*, 187 S.W.3d 785, 796-97 (Tex. App. 2006) ("No permission is required to intervene; the party opposing the intervention has the burden to challenge it by a motion to strike.") However, Texas Rule of Civil Procedure 60 explicitly states that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Under Tennessee's Rule, a person desiring to intervene must file a motion stating the grounds for intervention. *See* Tenn. R. Civ. P. 24.03 (2006). Therefore, in Tennessee, it appears that "permission" to intervene is required in the form of a court order granting the proposed intervenor's motion.

at *1. The Supreme Court of Tennessee concluded that the landlord was not bound by the previous judgment because he was not a named party, stating:

> It is clear that [the landlord] was no party to the former action, in the legal sense of the term, and the fact that he officiously, or by the favor of the court, was permitted to interfere in conducting the defence, does not affect the question; he had no legal right to do so.

*Id.* at *2. Similarly, in the case before us, even though Mr. Carson signed consent orders, filed a motion, and attended a settlement conference, he was not a named party in the action, and legally he could not assert and protect his rights in the case. Therefore, res judicata did not preclude him from bringing this suit.

The Tennessee Rules of Civil Procedure provide several avenues by which a party may formally join *or be joined* in an action. Besides Mr. Carson's ability to voluntarily intervene, Mr. Carson could have been made a co-defendant or an involuntary plaintiff under the compulsory joinder provisions of Rule 19. *See* Tenn. R. Civ. P. 19.01. Challenger could have sought to have Mr. Carson formally joined as a party in the Dix litigation if it felt that complete relief could not otherwise be accorded, or that Challenger would risk incurring inconsistent obligations. *See id.* Mr. Carson's attorney had signed at least one of the consent orders as "Attorney for Non-Party, James A. Carson." Also, the style of the case remained *Genevieve M. Dix v. Daniel R. Jones, M.D. and Challenger Corp.* throughout the litigation.

Rules 19 and 24 of the Federal Rules of Civil Procedure are closely akin to the Tennessee Rules. The United States Supreme Court, in addressing those rules, rejected the idea that "knowledge of a lawsuit and an opportunity to intervene" are sufficient to bind a party to a judgment. *Martin v. Wilks*, 490 U.S. 755, 765, 109 S.Ct. 2180, 2186 (U.S. Ala. 1989).[5] Instead, the Court determined that joinder is required before a party is subjected to a court's jurisdiction and bound by its decree. *Id.* at 763, 109 S.Ct. at 2185. "A party seeking a judgment binding on another cannot obligate that person to intervene; he must be joined." *Id.* The parties to a lawsuit presumably know better than anyone else the nature and scope of relief sought, and it makes sense to place on them the burden of bringing in additional parties. *Id.* at 765, 109 S.Ct. at 2186.

As it is, Mr. Carson was not a party or a privy to the Dix litigation, and the present case was not barred by the doctrine of res judicata.

---

[5] Congress has since enacted the Civil Rights Act of 1991 overridding the *Martin* decision in the specific context of employment discrimination suits. *See* 42 U.S.C. § 2000e-2(n). However, "*Martin*'s holding remains intact outside of the employment discrimination setting." *Kourtis v. Cameron*, 419 F.3d 989, 999 (9th Cir. 2005).

## B. Collateral Estoppel

Challenger's collateral estoppel argument is a bit more persuasive. Collateral estoppel is an issue preclusion doctrine that was devised by the courts to "conserve judicial resources, to relieve litigants from the cost and vexation of multiple lawsuits, and to encourage reliance on judicial decisions by preventing inconsistent decisions." *Trinity Indus., Inc. v. McKinnon Bridge Co., Inc.*, 77 S.W.3d 159, 184 (Tenn. Ct. App. 2001) (quoting *Beaty v. McGraw*, 15 S.W.3d 819, 824 (Tenn. Ct. App. 1998)). Collateral estoppel bars the relitigation of issues that were actually raised and determined in an earlier suit. *Id.* Offensive collateral estoppel may be used by a plaintiff in a second suit, or defensive collateral estoppel may be used by a defendant in a second suit. *Id.* at 184-85. In Tennessee, a defendant may use defensive collateral estoppel even though the previous parties are not identical to those in the subsequent case, however, "the issue sought to be precluded must be identical in both cases." *Id.* (citing *Beaty*, 15 S.W.3d 819; *Tenn. Farmers Mut. Ins. Co. v. Moore*, 958 S.W.2d 759 (Tenn. Ct. App. 1997); *Scales v. Scales*, 564 S.W.2d 667 (Tenn. Ct. App. 1977)).

Challenger, as defendant in this case, contends that its liability for past due rent was resolved in the previous case. In the Dix litigation, the consent order dismissed the case between Challenger and Ms. Dix and disbursed the funds that Challenger had paid directly to the chancery court clerk. It appears that, relevant to this appeal, Challenger had paid its rent to the clerk from January 1, 2001 to May 1, 2001. In this second case, Mr. Carson sought past due rent for the period of January 1, 2001 to December 31, 2002.

It appears that Challenger's liability for rent due from January to May of 2001 was already determined in the previous case. In the case at bar, the court's final order awarded Mr. Carson a judgment for unpaid rent from January 2001 to December 2002. However, the court also allowed Challenger a credit for the amount of rent it had paid to the clerk from January to May that was disbursed in the Dix litigation. Therefore, even if a portion of Mr. Carson's claim was potentially barred by collateral estoppel, any error of the court in addressing Challenger's liability for that period was harmless and did not affect the court's final judgment. *See* Tenn. R. App. P. 36(b) (2006). Accordingly, we find this argument to be without merit.

## C. Attorney's fees on Appeal

Mr. Carson has requested attorney's fees on appeal, contending that Challenger's appeal was frivolous and filed only for delay. The decision of whether to award a party his or her attorney's fees on appeal rests solely within the discretion of this Court. *Parchman v. Parchman*, No. W2003-01204-COA-R3-CV, slip op. at 6 (Tenn. Ct. App. W.S. Nov. 17, 2004) (citing Tenn. Code Ann. § 36-5-103(c) (2003); *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). "An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success." *Id.* at 7 (citing *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001)). Mr. Carson alleges that Challenger misled this Court by failing to identify the style of the Dix litigation, which reveals that Mr. Carson was not a named party in that case. Mr. Carson contends that Challenger's deceptive statements justify an award of his attorney's fees on appeal. However, Mr. Carson also claimed in his brief that he had never filed a motion to intervene in the Dix litigation – an assertion which is

clearly refuted by the supplemental record provided by Challenger. We find it equitable to decline to award Appellee attorney's fees on appeal.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. Further, we decline to award attorney's fees to Appellee. Costs of this appeal are taxed to Appellants, Daniel R. Jones, M.D., and Challenger Corporation, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE